IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UPMC McKEESPORT, a Pennsylvania corporation, and UPMC PRESBY SHADYSIDE, a Pennsylvania corporation,<br><br>        Plaintiffs,<br><br>    vs.<br><br>WESTERN & SOUTHERN LIFE ASSURANCE COMPANY, an Ohio corporation, WESTERN & SOUTHERN LIFE INSURANCE COMPANY, an Ohio corporation, and WESTERN & SOUTHERN FINANCIAL GROUP, INC., an Ohio corporation,<br><br>        Defendants. | Civil Action No. 05-686 |

MEMORANDUM

I

In this civil action, plaintiffs, UPMC McKeesport and UPMC Presby Shadyside, assert claims against defendants, Western & Southern Life Assurance Company, Western & Southern Life Insurance Company and Western & Southern Financial Group, Inc., for breach of contract and bad faith under 42 Pa.C.S.A. § 8371, arising out of "a dispute over an employee benefits plan created pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1)."[1]  Presently before the Court is defendants' motion to dismiss plaintiffs' complaint pursuant

---

[1] (Complaint, ¶ 1).

to Rule 12(b) of the Federal Rules of Civil Procedure.  For the reasons set forth below, the motion will be granted.

II

In summary, plaintiffs' complaint alleges the following facts:

UPMC McKeesport and UPMC Presby Shadyside are Pennsylvania corporations operating as hospitals in McKeesport, Pennsylvania and Pittsburgh, Pennsylvania, respectively. Defendants are Ohio corporations which regularly provide health insurance coverage and conduct other insurance-related business in the Commonwealth of Pennsylvania.  At all relevant times, defendants provided health insurance coverage to Regis Farrah, an adult individual who resides in Dravosburg, Pennsylvania, under a plan governed by ERISA.[2]  (Complaint, ¶¶ 2-6, 8).

Mr. Farrah received medical treatment at UPMC McKeesport on May 15 and May 16, 2004.  Mr. Farrah was then transferred to UPMC Presby Shadyside, where he received medical

---

[2] Mr. Farrah was provided health insurance coverage through a plan known as "The Western and Southern Life Insurance Company Flexible Benefits Plan." Although plaintiffs did not attach a copy of the plan to their complaint, defendants attached a copy as Exhibit A to their memorandum of law in support of motion to dismiss. As noted by defendants, because plaintiffs' claims in this case relate to the plan, the Court can consider the plan without converting their motion to dismiss into a motion for summary judgment under Fed.R.Civ.P. 56.  (Memorandum of Law in Support, p. 2 n.1).  There is no dispute that the plan at issue in this case is an employee welfare benefit plan as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1).  (Complaint, ¶ 8).

2

treatment from May 16 through June 11, 2004. On May 20, 2004, UPMC McKeesport submitted a claim to defendants in the amount of $11,480.00 for the medical treatment provided to Mr. Farrah on May 15 and May 16, 2004, and, between May 22 and June 14, 2004, UPMC Presby Shadyside submitted three claims to defendants in total amount of $505,581.75 for the medical treatment provided to Mr. Farrah between May 16 and June 11, 2004. (Complaint, ¶¶ 9-11, 13).

Subsequently, defendants engaged in a pattern and practice of systematically sending correspondence to plaintiffs and Mr. Farrah in an obvious attempt to avoid payment of the claims submitted by plaintiffs for the medical treatment provided to Mr. Farrah. As a result of defendants' conduct, plaintiffs were compelled to retain counsel to assist in recovering payment for the medical treatment provided to Mr. Farrah. Defendants did not begin to process any payments to plaintiffs until they became aware that plaintiffs had retained counsel. (Complaint, ¶¶ 16-17).

On September 24, 2004, UPMC McKeesport received a payment from defendants in the amount of $4,926.97, which (a) breached the Preferred Provider Organization pricing agreement to which plaintiffs and defendants are parties by improperly discounting UPMC McKeesport's claim by 20% or $2,296.00, and (b) breached the ERISA plan in which Mr. Farrah was a participant by

denying payment for medical treatment provided to Mr. Farrah in the amount of $4,197.03. Thus, a balance of $6,493.03 remains due and owing to UPMC McKeesport for medical treatment provided to Mr. Farrah on May 15 and May 16, 2004. (Complaint, ¶¶ 18-19, 26).

Mr. Farrah executed an assignment of rights in favor of plaintiffs, which granted standing to plaintiffs to pursue any and all claims that Mr. Farrah may have against defendants, including claims for breach of contract and bad faith under Pennsylvania law.[3] However, defendants advised Mr. Farrah that the ERISA plan would not honor the assignment of rights to plaintiffs and that any payments issued with respect to plaintiffs' claims arising out of medical treatment provided to Mr. Farrah would be paid directly to Mr. Farrah.[4] (Complaint, ¶¶ 20-21).

On October 20, 2004, defendants issued two checks in the total amount of $107,874.00 in connection with the claims of UPMC Presby Shadyside for medical treatment provided to Mr. Farrah between May 16 and June 11, 2004. In blatant disregard of

---

[3] Although paragraph 20 of plaintiffs' complaint indicates that the assignment of rights executed by Mr. Farrah was attached to the complaint as Exhibit A, no exhibits were attached to the complaint that was filed with the Court.

[4] Plaintiffs allege that defendants refused to honor Mr. Farrah's assignment of rights to plaintiffs in retaliation for plaintiffs' retention of counsel to recover the unpaid claims. (Complaint, ¶ 21).

Mr. Farrah's assignment of his rights under the ERISA plan to plaintiffs, defendants mailed the two checks directly to Mr. Farrah. A balance of $397,707.75 remains due and owing to UPMC Presby Shadyside for medical treatment provided to Mr. Farrah. (Complaint, ¶¶ 22, 24).

Between December 4 and December 7, 2004, Mr. Farrah received further medical treatment at UPMC McKeesport. On December 14, 2004, UPMC McKeesport submitted a claim to defendants in the amount of $21,990.00 for this treatment; however, to date, UPMC McKeesport has not received payment. (Complaint, ¶¶ 27-29).

Defendants owe fiduciary, contractual and statutory duties toward their insureds to act in accordance with the terms of the ERISA plan and negotiate claims in good faith to arrive at a prompt and fair settlement or resolution. At all relevant times, plaintiffs and Mr. Farrah fully complied with the terms of the ERISA plan, as well as all conditions precedent to their right to recover under the ERISA plan. At all relevant times, plaintiffs fully complied with the terms and conditions of the Preferred Provider Organization pricing agreement and all conditions precedent to their right to recover under the agreement. Plaintiffs are unable to pursue the administrative remedies provided by ERISA because (a) defendants have refused to recognize plaintiffs as assignees of Mr. Farrah's rights under

the ERISA plan, and (b) defendants have refused to provide the documentation necessary to appeal defendants' decisions with respect to the claims submitted for medical treatment provided by plaintiffs to Mr. Farrah. (Complaint, ¶¶ 31-34).

In Counts I through VI, each plaintiff asserts a separate breach of contract claim against each defendant, and, in Counts VII through XII, each plaintiff asserts a separate claim of bad faith against each defendant. (Complaint, ¶¶ 35-82).

III

A

Defendants assert that, under Fed.R.Civ.P. 12(b)(1), plaintiffs' complaint must be dismissed for lack of subject matter jurisdiction, and, after consideration, the Court agrees.[5] As noted by defendants, plaintiffs allege that this Court has federal question jurisdiction under 28 U.S.C. § 1331.[6] (Complaint, ¶ 1). However, despite the allegation of federal question jurisdiction, plaintiffs fail to plead any claim based

---

[5] With respect to defendants' motion to dismiss under Rule 12(b)(1), plaintiffs have the burden of establishing that jurisdiction does, in fact, exist. See, e.g., Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977).

[6] 28 U.S.C. § 1331 provides:

§ 1331. **Federal question**

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

upon a federal question. Rather, plaintiffs' claims are limited to state law claims for breach of contract and bad faith. As a consequence, the Court lacks subject matter jurisdiction.

B

Defendants also assert that, even if the Court had subject matter jurisdiction, plaintiffs' complaint should be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted because plaintiffs' state law claims are preempted by ERISA.[7] Again, the Court agrees.

In <u>Aetna Health Inc. v. Davila</u>, 124 S.Ct. 2488 (2004), the Supreme Court noted that any state law cause of action which duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is, therefore, preempted. *Id.* at 2495. As noted by defendants, plaintiffs acknowledge in the complaint that their state law claims "arise[] out of a dispute over an employee benefit plan created pursuant to [ERISA]," and plaintiffs cite the civil enforcement section of ERISA in support of this Court's jurisdiction. (Complaint, ¶ 1). Under the circumstances, it is clear that plaintiffs' state law claims are preempted by ERISA.

---

[7]In response to defendants' ERISA preemption argument, plaintiffs concede that their bad faith claims are preempted by ERISA. Therefore, the only remaining claims at issue are the breach of contract claims set forth in Counts I through VI of the complaint.

C

Defendants also assert that regardless of whether plaintiffs' claims are preempted by ERISA, plaintiffs' complaint should be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted because plaintiffs lack standing to seek benefits under the ERISA plan in which Mr. Farrah was a participant. Again, the Court agrees.

Plaintiffs seek to recover the balances owed for medical treatment provided to Mr. Farrah based on the assignment of rights executed by Mr. Farrah in favor of plaintiffs. However, plaintiffs' complaint fails to include an allegation that defendants expressly approved the assignment of rights as required by the ERISA plan in which Mr. Farrah was a participant,[8] and, contrary to plaintiffs' position, the Court finds that the assignment of benefits provision in the ERISA plan at issue is clear and unambiguous. Accordingly, the Court agrees with defendants that, even if the Court had subject matter

---

[8] With respect to assignment of benefits, the ERISA plan at issue provides in relevant part:

> 14.5 <u>Assignment of Benefits</u> - No benefit payable at any time under the Plan shall be assignable or transferable, .... The foregoing notwithstanding, a Covered Person ... may assign benefits otherwise payable to himself to the person or persons providing medical care covered under the Plan, **subject to acceptance and expressed approval by the Benefits Department of such assignment....**

(Motion to Dismiss, Exh. A, Amendment No. 3, pp. 3-4).

8

jurisdiction, plaintiffs lack standing to assert claims for benefits under the ERISA plan in which Mr. Farrah was a participant.

D

Based on the foregoing, defendants' motion to dismiss plaintiffs' complaint will be granted.[9]

An order follows.

                                             _William L. Standish_
                                             William L. Standish
                                             United States District Judge

Date: November 10, 2005

cc:  David Ainsman, Esq.
     AINSMAN, LEVINE & DREXLER
     330 Grant Street
     Suite 2201
          Pittsburgh, PA 15219
     Email:

     Philip J. Murray, III, Esq.
     THORP, REED & ARMSTRONG
     301 Grant Street
     One Oxford Centre, 14th Floor
     Pittsburgh, PA 15222-4895
     Email: pmurray@thorpreed.com

---

[9] In their motion to dismiss, defendants also contend that administrative remedies have not been exhausted with regard to the claims submitted in connection with plaintiffs' treatment of Mr. Farrah, and that they are not proper parties to this action. In light of the Court's conclusion that subject matter jurisdiction is lacking, and that, in any event, plaintiffs' state law claims are preempted by ERISA and plaintiffs lack standing to seek benefits under the ERISA plan in which Mr. Farrah was a participant, it is unnecessary for the Court to address these additional arguments in support of dismissal.